**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| MICHELLE R. HUDSON HALE, | |
| Plaintiff, | 2:19-cv-00798-RFB-VCF |
| vs. | **ORDER** |
| WILMER HALE, *et al*., | |
| Defendants. | APPLICATION TO PROCEED *IN FORMA PAUPERIS* [ECF NO. 1] AND COMPLAINT [ECF NO.1-1] |

Before the Court is pro se Plaintiff Michelle R. Hudson Hale's application to proceed *in forma pauperis* (ECF No. 1) and amended complaint (ECF No. 1-1). For the reasons discussed below, Plaintiff's *in forma pauperis* application is granted. However, Plaintiff's complaint is dismissed without prejudice.

**DISCUSSION**

Plaintiff's filings present two questions: (1) whether she may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether her complaint states a plausible claim for relief.

**I.     Plaintiff's *In Forma Pauperis* Is Granted**

A plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit demonstrating that the plaintiff is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Plaintiff's application states that she receives $700 per month from disability and Social security. (ECF No. 1 at 1). Plaintiff's monthly expenses total $1000. (*Id.* at 2). Based on this information, the Court finds that Plaintiff is unable to pay fees in this case. Plaintiff's application to proceed *in forma pauperis* is granted.

1

**II. Plaintiff's Amended Complaint Fails to State a Claim Upon Which the Court May Grant Relief**

Section 1915 also requires that, should the Court grant an application to proceed *in forma pauperis*, the Court must review Plaintiff's complaint to determine whether the complaint is frivolous, malicious, fails to state a claim on which the Court may grant relief, or if the complaint seeks damages against a defendant who is immune from that relief. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8 mandates that a claim must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To meet Rule 8's burden, a complaint must contain "sufficient factual matter" establishing that the claim is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

Though "[n]o technical form is required for complaints (Fed. R. Civ. P. 8(a)), "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. …If doing so would promote clarity, each claim founded on a separate transaction or occurrence…must be stated in a separate count or defense" (Fed. R. Civ. P. 10(b).

Plaintiff's statement of her breach of contract claim is a single paragraph that is very difficult to follow. (ECF No. 1-1 at 6). Plaintiff appears to broadly assert that Defendants failed to transfer accounts and real estate from the Estate of Peter Hale to Plaintiff. (*Id.*). Plaintiff alleges that this caused damages from lost real estate, lost wages, lost stock accounts, and pain and suffering. (*Id.*).

However, Plaintiff fails to explain how any particular Defendant was involved. Plaintiff lists 11 Defendants—four attorneys, a caregiver, three banks, and three stockbrokers.[1] (*Id* at 2-4). Plaintiff does not state what contracts any Defendant was operating under, what the terms of the contracts are, or how any Defendant breached their contracts. Plaintiff does not give any dates or facts to support her assertion that the Defendants have breached their contracts. Plaintiff also fails to explain how the Defendants' actions caused her alleged damages.

---

[1] The Court also notes that it have concerns regarding its personal jurisdiction over the Defendants. Defendants appear to be located in Massachusetts, New York, and the U.K. (ECF No. 1-1 at 2-4). Parties must have some minimum contacts with Nevada for the Court to have personal jurisdiction over them. *See Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1141-42 (9th Cir. 2017).

Dismissing the complaint without prejudice will allow Plaintiff the opportunity to amend her complaint to make her allegations clearer. The Court cautions Plaintiff that "when a plaintiff files an amended complaint, '[t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967)). An amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court shall file the complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that Plaintiff's complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff has until June 14, 2019 to file an amended complaint addressing the issues discussed above. Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that if an amended complaint is later filed, the Clerk of the Court is directed NOT to issue summons on the amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of Summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified

time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. Failure to comply with this Rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 14th day of May, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE